IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ABELARDO SOTO,

   Plaintiff,      No. CIV S-05-0871 EFB P

 vs.

DR. DADIUM KHOURY, et al.,

   Defendants.    <u>ORDER</u>

_____/

   Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. §1983. On November 3, 2006, defendants requested an extension of time to file a motion for summary judgment. Good cause appearing, the request is granted.

   On November 30, 2006, plaintiff filed a motion to vacate the court's November 9, 2006, order reassigning this case for all purposes to the undersigned United States Magistrate Judge. Plaintiff states that he never consented to jurisdiction of a magistrate judge. Notwithstanding that representation, plaintiff executed and filed a consent form with the court on June 2, 2006. He did, in fact, consent to the reference. Whether he has established grounds to withdraw that reference is the issue that must be addressed. Plaintiff claims that his opposition to defendants' November 3, 2006, request for an extension of time evidences his preference not to depart from the schedule set in this case on May 31, 2006. The court does not find that this evidences the

"extraordinary circumstances" standard set forth in 28 U.S.C. § 636(c)(4).[1]  Neither does the court find good cause to vacate the reference to which both parties previously consented and that motion is denied.

Plaintiff further asserts that the referral of this matter was "conjured by the defense as a ploy to manipulate the court system so the defense would not suffer as a result of their being delinquent" with deadlines.  The suggestion seems to be that if the defense requests and is granted an extension, plaintiff should be permitted to withdraw his earlier consent to the jurisdiction of the Magistrate Judge.  The argument is meritless.  Rule 6(b) of the Federal Rules of Civil Procedure provides that the court may, for cause shown, at any time in its discretion grant enlargements of time in which an act is required or allowed to be done.  Granting either party an extension of time does not constitute good cause to vacate the referral order.

Accordingly, it is ORDERED that:

1. Defendants' motion for an extension of time in which to file dispositive motions is granted.

2. Defendants are granted an additional sixty days from the date of this order in which to file a motion for summary judgment.

3. Plaintiff's November 30, 2006, motion to vacate the court's November 9, 2006, consent order reassigning this case for all purposes to the magistrate judge is denied.

Dated: December 5, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Once the parties have consented to refer the case to a magistrate judge, "the court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge." See 28 U.S.C. §636(c)(4).